# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEE DETAR, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01600 |
| v. | ) Judge Mark R. Hornak |
| ERIKA METTING, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

The Plaintiff, Lee Detar, is back before the Court.[1] This time, he has filed suit against (1) his ex-wife, Erika Metting (again), (2) the City of Pittsburgh, (3) its Police Department, and (4) the Federal Bureau of Investigation ("FBI").[2] He invokes 42 U.S.C. § 1983 to allege that Ms. Metting has harassed him in an effort to make it appear that he has mental health issues, has had his children commit criminal acts, and has manipulated him out of his possessions via some sort of fraud. He says that she wiretapped him, and has harassed him based on his gender identity.

He also alleges that the City of Pittsburgh and the Pittsburgh Police hired and then trained one of their Detectives, Mr. Somonovik, for the purpose of obstructing justice by not considering the Plaintiff's reports of sexual assaults due to his gender. In this regard, he claims generally that "Defendant(s)" have conspired to deprive him of emergency management services, and to defame him so that "Defendant(s)" could get access to his children. He then says that the FBI failed to investigate various crimes against him.[3] He says that some or all of this actively violated

---

[1] *Detar v. United States Government, et al.*, 13-cv-1499 (W.D. Pa.).

[2] Mr. Detar named the "Federal Bureau of Investigations" in his Complaint.

[3] He does not say that they were federal crimes.

the Fourth and/or the Fourteenth Amendments (without saying exactly how, when, where or why), and he asks for injunctive and monetary relief, and a jury trial.

The City of Pittsburgh Defendants and the FBI have moved to dismiss the Complaint, ECF Nos. 6, 28, and Ms. Metting, having answered, [ECF No. 4](ECF No. 4), moves for judgment on the pleadings, [ECF No. 20](ECF No. 20). For the following reasons, all of those Motions will be granted. The claims against Ms. Metting, the FBI and the Pittsburgh Police will be dismissed with prejudice and leave to amend will not be granted as to those Defendants. All claims against the City of Pittsburgh will be dismissed without prejudice, and with leave to amend.

First, as to the FBI, as an agency of the United States, the doctrine of sovereign immunity bars the lawsuit. *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980). Section 1983 (and Fourteenth Amendment) claims simply don't lie against the United States or its agencies, as that statute reaches only violations under the color of *state* law. *D.C. v. Carter*, 409 U.S. 418, 424-25 (1973). Second, a direct or "*Bivens*" action, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), will not lie against a federal agency as an agency, *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994), and no individual FBI agents have been named as defendants. Third, federal law does not recognize a claim based on an alleged failure by the FBI to investigate a crime. *Terrell v. Attorney General*, No. 98-219, 1998 WL 574387, at *3 (N.D. Cal. Aug. 31, 1998), *aff'd sub. nom.* 108 F.3d 515 (9th Cir. 1999). Simply put, from all angles, the Complaint alleges no plausible claim against the FBI, and any effort to amend around these bedrock rules would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). All claims against the FBI are dismissed with prejudice.

As to the City of Pittsburgh and the "Pittsburgh Police," one of its agencies, it is settled law that the doctrine of *respondeat superior* is not a basis for asserting § 1983 liability against a municipality. *Monell v. New York City Dep't of Soc. Svsc.*, 436 U.S. 658 (1978). Further, the

Complaint fails to set forth any plausible basis to conclude that there was a municipal custom, policy or practice, generally applicable, that resulted in a Constitutional deprivation under color of state law of a right or rights of the Plaintiff. The Complaint's generalized allegations that the City of Pittsburgh hired and then trained a specific Detective in a way to "obstruct justice' are facially implausible, especially when the balance of the assertions in such regards are non-specific conclusory allegations as to all "Defendants," none of which facially assert a violation of any federal right in the first instance. ECF No. 1 at ¶¶ 2, 3. Further, the "Pittsburgh Police" as an agency of the City itself, is not a defendant against whom a § 1983 claim may be asserted. *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997). For these reasons, such claims will be dismissed with prejudice as to the "Pittsburgh Police," as any amendment would be futile, given the application of the *Bonenberger* rule. The claims against the City of Pittsburgh will be dismissed without prejudice and with leave to amend.[4]

As to Defendant Metting, there is no allegation whatsoever in the Complaint that she is a state actor capable of violating either the Fourth or Fourteenth Amendments, or that she was in anyway acting under color of state law. *Id.* She is facially a private individual (his ex-wife), ECF No. 1 at ¶ 1, ECF No. 16, and there is a complete lack of *any* factual or other recitation that could support any plausible claim that Ms. Metting somehow became a state actor, *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009), either generally, or particularly due to a specific agreement between her and a "genuine" state actor that would support with the requisite (or any) detail a conspiracy to violate the Plaintiff's federal rights, *Great W. Mining & Mining Co. v. Fox Rothchild, LLP*, 615 F.3d 159, 178 (3d Cir. 2010).

---

[4] This is a really close call. On the one hand, what is in the Complaint as to the City are nothing more than vague, conclusory allegations which *barely* imply the deprivation of a federal right. On the other hand is the somewhat expansive direction from our Court of Appeals, as expressed in *Grayson*, regarding giving *pro se* plaintiffs one final chance to make out a case.

At best, the Complaint is nothing more than an *ad hominem* attack on Ms. Metting. The Court believes that any effort at amendment as to her would be futile for several reasons. First, this lawsuit is not the Plaintiff's first attack on his ex-wife in the federal courts, *see* note 1 above, and he has therefore had prior chances to spell out any plausible federal claim as to her, and has not done so. Second, an examination of the "claims" in this Complaint reveals that they are all pure conclusory boilerplate, with no specific facts of *any* type pled, and no assertion in them, at all, of any conduct which makes her (1) a state actor, (2) acting under color of law, (3) violating a federal right. Plaintiff's general antagonism and complaints against Ms. Metting cannot be translated into a viable federal civil rights lawsuit by providing him with another bite of the apple. Simply put, this is not a situation involving incomplete facts potentially made more precise with further pleading. It involves no facts and no plausibly claimed violation of a federal right. Leave to amend will not be granted as to Ms. Metting, as it would be futile.

An appropriate Order will issue.

s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: May 29, 2015

cc: All counsel of record
      Lee M. Detar